I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: Dec. 3, 2008

DEPUTY CLERK

FILED
CLERK, U.S. DISTRICT COURT
DEC - 3 2008
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| JAMES LATSCHA, | Case No. EDCV 08-01719 R (AN) |
| Petitioner, | **ORDER TO SHOW CAUSE RE DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY AS TIME-BARRED** |
| v. | |
| J.F. SALAZAR, WARDEN, | |
| Respondent. | |

## I. BACKGROUND

Before the Court is a petition for a writ of habeas corpus ("Petition") brought by James Latscha ("Petitioner"), a state prisoner proceeding *pro se*. The Petition is brought pursuant to 28 U.S.C. § 2254 and it principally challenges the denial of his parole that was made by a two-member panel of the Board of Prison Terms ("Board") following a parole hearing on January 3, 2007. For the reasons set forth below, Petitioner is ordered to show cause why his Petition should not be dismissed with prejudice because it is time-barred.

///
///

## II. DISCUSSION

### A. Standard of Review

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, states that "the judge to whom [the petition] is assigned" is required to examine the petition promptly and "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Local Rule 72-3.2 of this Court also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas petition may be dismissed *sua sponte*, however, the district court must give the petitioner adequate notice and an opportunity to respond before doing so. *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

### B. Statute of Limitations

The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which establishes a one-year statute of limitations for state prisoners to file a habeas petition in federal court, because the Petition was filed after April 24, 1996, AEDPA's enactment date. 28 U.S.C. § 2244(d)(1); *see Lindh v. Murphy*, 521 U.S. 320, 327-37, 117 S. Ct. 2059 (1997); *Jeffries v. Wood*, 114 F.3d 1484, 1498 (9th Cir. 1997) (en banc). In relevant part, § 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became

> final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> ... or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Where, as here, the petition challenges a denial of parole, the date the statute of limitations begins to run is determined under subparagraph (D) of § 2244(d)(1), *i.e.*, it is the date when the factual predicate of the claim could have been discovered through the exercise of due diligence, and in parole cases that usually will be the date the parole denial became final. *See Redd v. McGrath*, 343 F.3d 1077, 1079 (9th Cir. 2003) (limitations period began to run when Board denied prisoner's administrative appeal challenging the Board's decision that he was unsuitable for parole); *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2000) (limitations period generally begins to run "when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance.") Subparagraph (A) of § 2244(d)(1) does not apply in parole cases because the Board's decision constitutes an administrative ruling, not a state court judgment. *Redd*, 343 F.3d at 1081-82; *see also Shelby v. Bartlett*, 391 F.3d 1061, 1063-66 (9th Cir. 2004) (holding AEDPA's limitation period applies "even if the petition challenges a pertinent administrative decision rather than a state court judgment," and that the factual predicate under § 2244(d)(1)(D) is the date the state prisoner received notice that his administrative appeal was denied).

Notably, at the time *Redd* was decided on September 11, 2003, California prisoners could challenge the Board's adverse parole decision by seeking an administrative appeal from a final decision of the Board. *See* Cal. Code Regs. tit. 15, § 2050 *et seq.* (2003). On May 1, 2004 -- nearly three years before Petitioner's

disputed parole hearing took place on January 3, 2007 -- the California Legislature repealed and abolished the administrative appeals process. *See* Cal. Code Regs. tit. 15, § 2050 *et seq.* (2004). However, under the California Code of Regulations, a Board's initial hearing decision to deny, grant, or modify parole for a life prisoner eligible for parole is considered a "proposed decision" that is subject to internal administrative review by the Board's chief counsel or a designee for a 120 day period following the hearing. Cal. Code Regs. tit. 15, §§ 2041(a), (h); 2043 (2004); *see also* Cal. Penal Code § 3041(b) ("any decision of the parole panel finding an inmate suitable for parole shall become final within 120 days of the date of the hearing. During that period, the board may review the panel's decision."). In the absence of any intervening change or modification by the Board's chief counsel or designee, the proposed decision becomes "final" on the 120th day following the date of the hearing decision and is no longer subject to further administrative review by the Board. *Id.*

The *Redd* panel further emphasized this is true even though a petitioner's claim may technically still be unexhausted within the meaning of AEDPA:

> AEDPA . . . clearly contemplates that for habeas claims falling under § 2244(d)(1)(D), the statute of limitations will begin to run before exhaustion of state remedies and thus before the federal petition can be filed.
>
> * * * *
>
> Thus, the date of the "factual predicate" for Redd's claim under § 2244(d)(1)(D) is not determined by asking when Redd satisfied AEDPA's exhaustion requirement; rather, it is determined independently of the exhaustion requirement by inquiring when Redd could have learned of the factual basis for his claim through the exercise of due diligence. This occurred when the Board denied Redd's administrative appeal.

*Id.* at 1082-84.

Here, the face of the Petition, accompanying Memorandum of Points and Authorities ("Memorandum"), exhibits, and relevant state court records[1] show the Board's adverse decision was made at the end of the January 3, 2007, hearing, and it constituted a proposed decision until it became a final decision on the 120th day after the hearing; that is, May 3, 2007, as set forth in the certified hearing transcript. (Pet. Ex. D.) Consequently, the factual predicate for Petitioner's parole claims accrued on this date, which is the date the Board's adverse parole decision became final from further administrative review by the Board. AEDPA's limitations period began running the next day, May 4, 2007, and ended one year later on May 3, 2008. *See Shelby*, 391 F.3d at 1065-66; *Redd*, 343 F.3d at 1084.

Petitioner missed the deadline because he did not constructively file the pending Petition until November 20, 2008[2] -- 201 days (nearly seven months) after the statute had expired. Therefore, the pending Petition is time-barred unless Petitioner is entitled to statutory or equitable tolling.

///

///

---

[1] The Court takes judicial notice of Petitioner's records in the state appellate courts, which are available on the Internet at http://appellatecases.courtinfo.ca.gov. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

[2] Pursuant to the "mailbox rule," a *pro se* prisoner's habeas petition is deemed to be filed on the date the prisoner delivers the petition to prison authorities for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001). The mailbox rule also applies to *pro se* state habeas petitions. *Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). The pending Petition was filed by the Clerk on November 25, 2008, however, for purpose of the timeliness analysis, the Court gives Petitioner the benefit of the doubt by assuming he constructively filed the Petition on November 20, 2008, the date he signed it. (Pet. Mem. 42.)

C. **Statutory Tolling**

AEDPA provides a statutory tolling provision that suspends the limitation period for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005). An application is "pending" until it has achieved final resolution through the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 220, 122 S. Ct. 2134 (2002). The limitation period is not tolled between the time a final decision is issued on direct state appeal and the time a state collateral challenge is filed because there is no case "pending" during that interval. *Thorson v. Palmer*, 479 F.3d 643, 646 (9th Cir. 2007); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).

To qualify for statutory tolling during the time the petitioner is pursuing collateral review in the state courts, his *first* state habeas petition must be constructively filed *before*, not after, the expiration of AEDPA's one-year limitation period. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2254 does not permit the reinitiation of the limitation period that has ended before the state petition was filed"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (stating that filing of state petition after AEDPA's one-year time period has elapsed bars federal habeas review); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled"); *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2001).

Moreover, a California prisoner must seek judicial review of an adverse parole decision by filing a state habeas petition because California does not provide for direct judicial review of adverse Board decisions. *Redd*, 343 F.3d at 1079 (*citing In re Sturm*, 11 Cal. 3d 258 (1974)). Consistent with this principle, Petitioner sought judicial review of the Board's adverse parole decision.

Page 6

1   Petitioner did not file his first state habeas petition with the Riverside County
2   Superior Court until May 8, 2008 -- 5 days after the expiration of the limitation period.
3   (Official records of California courts, Case No. RIC471633.) Consequently, Petitioner
4   is not entitled to statutory tolling for any of his state habeas petitions because they
5   were all filed long after the limitation period expired.[3/] *See Ferguson*, 321 F.3d at 823;
6   *Jiminez*, 276 F.3d at 482; *Webster*, 199 F.3d at 1259; *Green*, 223 F.3d at 1003; *Moore*
7   *v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) (a state application for post-
8   conviction relief does not revive the one-year limitation period if it has already
9   expired). Therefore, the face of the Petition, Memorandum, exhibits, and state court
10  records establish that this Petition, constructively filed on November 20, 2008, is
11  untimely by 201 days (the amount of untolled time between the limitation deadline
12  (05/3/08) and the Petition's constructive filing date (11/20/08)).

**D.    Equitable Tolling**

As a prefatory matter, the Court observes there is no clearly established federal law that expressly holds equitable tolling is available under § 2244(d)(1), and the Supreme Court has recently acknowledged this point. *Lawrence v. Florida*, 549 U.S. 327, 127 S. Ct. 1079, 1085 (2007) ("We have not decided whether § 2244(d) allows for equitable tolling. [ ] Because the parties agree that equitable tolling is available, we assume without deciding that it is").

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. Diguglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). A petitioner bears the burden of alleging facts that would give rise to tolling. *Id.*; *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). The

---

[3/]   See *In re James Latscha on Habeas Corpus*, E046472 and ICR16608, Cal. App. Ct., 4th Dist./Div. 2 (filed Aug. 22, 2008, denied Sept. 2, 2008); *Latscha (James) On H.C.*, No. S166683, Cal. Supreme Ct. (filed Sept. 12, 2008, denied Oct. 28, 2008). (Official records of California courts.)

Page 7

1  Ninth Circuit has emphasized that determinations of "whether there are grounds for
2  equitable tolling are highly fact-dependent." *Whalem/Hunt v. Early*, 233 F.3d 1146,
3  1148 (9th Cir. 2000) (en banc). "[E]quitable tolling is justified in few cases," and "the
4  threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the
5  exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).
6  The face of the Petition, Memorandum, and exhibits do not set forth any facts showing
7  that Petitioner is entitled to relief under this provision.

## O R D E R

Based upon the foregoing, the Court finds the Petition, attached Memorandum, exhibits, and relevant state court records indicate it is untimely. Accordingly, Petitioner shall have until **December 23, 2008**, to file a written response and show cause why his Petition should not be dismissed with prejudice because it is time-barred. In responding to this Order, Petitioner must show by declaration and any exhibits what, if any, factual or legal basis he has for claiming that the Court's foregoing analysis is factually or legally incorrect, or that AEDPA's one-year statute of limitations should be tolled, or the start date extended. If Petitioner contends he is entitled to tolling because of a lack of access to the prison law library due to a purported lockdown or some other state-created impediment, his written response must be supported by a declaration from the warden or prison librarian verifying that the law library and library materials were unavailable throughout the relevant time period because of the lockdown or other stated reason. Further, Petitioner must demonstrate that, during the time that access to the prison law library was allegedly unavailable, he made requests for legal materials to be brought to his cell and those requests were denied.

///
///
///

**Petitioner is warned that if a timely response to this Order is not made, Petitioner will waive his right to do so and the Court will, without further notice, issue an order dismissing the Petition, with prejudice, as time-barred. Further, if Petitioner determines the Court's above analysis is correct and the Petition is clearly time-barred, he should file a Request For Voluntary Dismissal of this action pursuant to Fed. R. Civ. P. 41(a)(1) in lieu of a response to this Order.**

IT IS SO ORDERED.

DATED: December 3, 2008

ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE